## CHARLES SUMNER STEVENS

### *v.*

## WILIAM L. EDSON et al.

[Submitted April 13th, 1913. Decided June 16th, 1913.]

The words "surviving children" in a will devising the rents of real estate to testator's wife for life and then to his "surviving children forever, of whom there are now three," refers to children surviving the wife, under the rule that where a gift to survivors is preceded by a particular estate for life, or years, words of survivorship, in the absence of anything indicating a contrary intent, refer to the termination of the particular estate.

Final hearing on bill to quiet title.

*Mr. Henry S. Alvord,* for the complainant.

*Mr. Leverett Newcomb,* for the defendant Edson.

LEAMING, V. C.

The single controversy here presented is whether the words "surviving children" as used in the will of James H. Stevens relates to the date of the decease of testator or to the date of the decease of the life tenant.

The language of the will is as follows:

"I devise unto my wife, Emily, the rents, issues and profits of all my real estate * * * for and during her natural life, and then to my surviving children forever, of whom there are now three."

Three children of testator survived him, only one of them surviving the life tenant. If, therefore, by the words "surviving children" testator referred to the children who survived him, the remainder vested in interest in his three children at his decease; if he referred to the children who survived his widow the remainder was contingent until the decease of the widow and then vested in possession in the surviving child, who is complainant herein.

In this state the rule of construction which controls cases of this class is too firmly established to permit further consideration. Briefly stated, that rule is that where the gift to the survivors is preceded by a particular estate for life or years, words of survivorship, in the absence of anything indicating a contrary intention, refer to the termination of the particular estate. *Williamson* v. *Chamberlain,* 10 N. J. Eq. (2 Stock.) 373; *Holcomb* v. *Lake,* 24 N. J. Law (4 Zab.) 686; *Van Tilburgh* v. *Hollinshead,* 14 N. J. Eq. (1 McCart.) 32; *Slack* v. *Bird,* 23 N. J. Eq. (8 C. E. Gr.) 238; *Dutton* v. *Pugh,* 45 N. J. Eq. (18 Stew.) 426; S. C., 46 N. J. Eq. (1 Dick.) 554; *Ashhurst* v. *Potter,* 53 N. J. Eq. (8 Dick.) 610; S. C., 54 N. J. Eq. (9 Dick.) 699; *Stout* v. *Cook,* 79 N. J. Eq. (9 Buch.) 573.

Nothing is contained in the will indicating an intention of testator contrary to the natural import of the language above quoted.

I will advise a decree in accordance with the views here expressed.